**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **O.M.**

**No. 21-0302** (Randolph County 20-JA-009)

**MEMORANDUM DECISION**

Petitioner Mother M.P., by counsel David C. Fuellhart, appeals the Circuit Court of Randolph County's March 15, 2021, order terminating her parental rights to O.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese ("guardian"), filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for an improvement period and in terminating her parental rights without imposing a less-restrictive alternative disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed an abuse and neglect petition after receiving a referral concerning drug activity at petitioner's home. Per the referral, persons living in the home had outstanding criminal warrants. Specifically, the DHHR alleged that law enforcement officers executed warrants for arrest for petitioner and two other adults living in the home. Petitioner had an outstanding warrant for felony transferring and receiving stolen property. Law enforcement officers found methamphetamine and other drug paraphernalia in the home and described petitioner's appearance as that of a regular methamphetamine user, as she was very thin with large sores on her sunken face. Petitioner admitted to smoking marijuana and last using methamphetamine a month prior. The investigating Child Protective Services ("CPS") worker

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

observed hypodermic needles, pills, pill bottles, and pipes laying on the floor within reach of then four-year-old O.M. who was found walking around the home barefoot. The worker also observed a digital scale on the kitchen counter and no food in the refrigerator. The DHHR further alleged that petitioner lost custody to two older children through a guardianship and that her visitation with those children was suspended due to drug use.[2] Thereafter, petitioner waived her right to a preliminary hearing, and the circuit court ordered that upon her release from incarceration she must participate in random drug screening with the Call-To-Test program at North Central Community Corrections.

The circuit court held an adjudicatory hearing in March of 2020, and petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation and adjudicated her as an abusive and neglectful parent. In September of 2020, the DHHR filed a motion to terminate petitioner's parental rights, citing petitioner's continued incarceration.

In February of 2021, the circuit court held a final dispositional hearing at which time petitioner moved for a post-adjudicatory improvement period. Petitioner testified that she was incarcerated from January of 2020 to January of 2021 and entered a twenty-eight-day drug rehabilitation program on January 25, 2021. She stated that she would comply with any terms required of an improvement period and hoped to participate in out-patient drug rehabilitation services once she completed her current program. On cross-examination, petitioner stated that she discharged her criminal sentences for petit larceny and transferring and receiving stolen property in June of 2020 but had a pending charge for gross child neglect. She explained that her bond for that charge was modified to allow her to attend drug treatment.

The guardian argued against petitioner's motion for an improvement period, stating that the child had been in foster care for more than thirteen months and had not seen petitioner during the pendency of the case. The DHHR joined in opposition and argued that petitioner had not been at liberty long enough to demonstrate a likelihood of participating in the terms and conditions of an improvement period. The circuit court reviewed the record and noted that petitioner lost custody to two older children through a guardianship in 2013. The circuit court found that although petitioner had recently enrolled in a twenty-eight-day rehabilitation program, it was unknown what recommendation the program would give upon her completion and whether the recommendation would include long-term inpatient drug rehabilitation. The circuit court further found that it was in the child's best interest to not have permanency delayed and noted that petitioner had not seen the child since January of 2020. Finally, the circuit court explained its concern that petitioner was still on bond for a pending criminal matter. The circuit court denied petitioner's motion for an improvement period and terminated her parental rights. It is from the March 15, 2021, dispositional order that petitioner appeals.[3]

---

[2]During the proceedings below, the court ultimately terminated petitioner's custodial rights to these children. However, petitioner raises no argument on appeal in regard to this ruling. As such, these children are not at issue in this appeal.

[3]The father's parental rights were terminated below. The permanency plan for the child is adoption by his foster family.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. According to petitioner, she testified that she would comply with the terms and conditions of an improvement period during the dispositional hearing. She also contends that she had enrolled into a twenty-eight-day rehabilitation program, obtained a certificate of completion for anger management and adult life skills sessions, and had acknowledged O.M.'s abuse and neglect by stipulating to the allegations in the petition at the adjudicatory hearing. As such, petitioner argues that she was likely to fully participate in an improvement period.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." We have noted that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner fails to demonstrate that she was entitled to an improvement period. Most importantly, petitioner's argument for a post-adjudicatory improvement period wholly disregards the child's best interest as well as the statutory timeframes for child abuse and neglect matters.

> Notwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

W. Va. Code § 49-4-610(9). According to the record, O.M. had been in the DHHR's custody and foster placement for approximately thirteen months by the dispositional hearing. On appeal, petitioner does not allege that she could have corrected the conditions at issue within two months from the dispositional hearing. Further, we note that improvement periods often far exceed such a

3

brief period, as West Virginia Code § 49-4-610(2) allows for a post-adjudicatory improvement period to continue for up to six months, while § 49-4-610(6) permits an additional three-month extension. Therefore, a post-adjudicatory improvement period would have caused the child to remain in foster placement for more than fifteen months and his permanency would be delayed beyond the statutory limits.

While it is true that petitioner had enrolled into a twenty-eight-day drug rehabilitation program several weeks prior to the final dispositional hearing, it was uncertain as to what recommendations she would receive for further treatment and whether petitioner would follow those recommendations. As drug treatment was a term and condition of petitioner's bond, petitioner faced the risk of immediate reincarceration if she failed to participate in a drug treatment. Additionally, as petitioner had only been in the twenty-eight-day drug rehabilitation program for a few weeks, the court lacked an adequate track record to find that petitioner was likely to comply with further terms and conditions of an improvement period. We have noted that "if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004). In light of the above uncertainties, we find that no compelling circumstances existed to justify an extension of the statutory time limits and further find that the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period.

This same evidence also supports the circuit court's termination of petitioner's parental rights. On appeal, petitioner presents little, if any, actual evidence in support of her argument that termination was in error. Instead, petitioner simply asserts that the circuit court should have implemented disposition under West Virginia Code § 49-4-604(c)(5), which permits a court to *temporarily* place a child in "the care, custody, and control of the department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court." However, the evidence below supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Petitioner has an extensive history of substance abuse and she lost custody to two older children in 2013. At the time of the filing of the petition, petitioner had outstanding criminal warrants, and at the dispositional hearing she admitted to being convicted for transferring and receiving stolen property and petit larceny. Additionally, as a result of the conditions of the home at the time of O.M.'s removal, petitioner was charged with gross child neglect and was still awaiting trial for this charge at the time of the dispositional hearing. Due to petitioner's criminal activities, she remained incarcerated for a year and unable to address the conditions of abuse and neglect in the instant case. In light of petitioner's significant drug and criminal history, we find that petitioner's short time in drug rehabilitation immediately prior to the dispositional hearing did not show that she was likely to correct the conditions of abuse and neglect in the near future. We also find that termination of her parental rights was necessary for the child's welfare as she had not seen the child in over a year, the child deserved permanency, and petitioner's future remained uncertain while pending criminal trial. According to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon such findings. Further, as this Court has held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia

Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court terminating petitioner's parental rights to the child.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 15, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: November 8, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton